## Beck v. Trane Co.
[*Cite as 8 AOA 1*]

Case No. C-890610
*Hamilton County, (1st)*
*Decided December 19, 1990*

*Kevin L. Swick, and Kevin C. McDonough, Keating, Ritchie & Norwine, 8650 Hosbrook Road, Suite 200, Cincinnati, Ohio 45236, for Plaintiffs-Appellants/Cross-Appellees.*

*Donald J. Mooney and Jeffrey T. Lehmen, Benesch, Friedlander, Coplan & Aronoff, 1900 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for Defendant-Appellee/Cross-Appellant.*

*Per Curiam.*

This dispute arose from the sale of a Trane heating and air-conditioning system to the appellants, John and Susan Beck. The unit, which was purchased at a price of $8,950.00,[1] was installed on May 11, 1981, and thereafter presented the appellants with a series of documented performance problems. The appellants filed suit on August 19, 1988, alleging breach of both express and implied warranties, as well as a violation of the Consumer Sales Practices Act.

The trial court granted summary judgment in favor of the appellee/cross-appellant, the Trane Company, the manufacturer of the unit, as to the implied-warranty claim and the Consumer Sales Practices Act claim; however, the trial court denied Trane's motion for summary judgment on the appellants' express-warranty claim. Furthermore, the trial court stated in its judgment that it found "no just cause to delay the appeal or enforcement of this Entry."

### I.

Although the parties have treated this case as one involving a final appealable order, and have briefed the issues accordingly, we are constrained to address the Supreme Court's decision in *Chef Italiano v. Kent State University* (1989), 44 Ohio St. 3d 86, 541 N.E.2d 64, as it affects this court's jurisdiction to render a decision on those issues. The lead opinion in Chef Italiano, written by Justice Douglas, would require that we dismiss this appeal on the basis that finality has not attached under R.C. 2505.02 since less than all of the appellants' claims were dismissed by summary judgment, and there remained one viable claim (for breach of express warranty) on which the appellants could have obtained judgment from Trane.

Justice Douglas's lead opinion in *Chef Italiano* failed to command a majority of the Court, garnering only one concurrence, while the other justices either concurred separately, either in the syllabus and judgment or in the judgment only, or dissented. Moreover, Justice Douglas's lead opinion is in conflict with the Ohio Supreme Court's decision in *Alexander v. Buckeye Pipe Line Co.* (1977), 49 Ohio St. 2d 158, 359 N.E.2d 702, which has yet to be overruled.[2] Furthermore, the interpretation Justice Douglas in *Chef Italiano* gave to the meaning of the term "action," as it is used in R.C. 2505.02, is in conflict with the court's conclusion that

the words "claim for relief," as used in Civ. R. 54(B), are synonymous with "cause of action." See *Noble v. Colwell* (1989), 44 Ohio St. 3d 92, 540 N.E.2d 1381. For these reasons, and because we believe that a decision on the merits of appellants' issues will eliminate the possibility of a duplicative trial and thus serve the interests of justice and judicial economy which underlie Civ. R. 54(B)[3] we conclude that the matter *sub judice* is properly before us on the basis of a final appeal-able order certified under Civ. R. 54(B).

## II.

The appellants in their first assignment of error assert that the trial court erred in granting summary judgment on their breach-of-implied-warranty claim. The issue presented for our review under this assignment is whether R.C. 1302.98 effectively barred the appellants' implied-warranty claim based upon the running of the statute of limitations. We hold that it did.

R.C. 1302.97 provides that an action for breach of any contract for the sale of goods must be commenced within four years after the cause of action has accrued. In an action for breach of an express or implied warranty, a cause of action accrues when the breach occurs, which is normally when tender of delivery is made. R.C. 1302.98(B). The only exception is when the warranty "explicitly extends to future performance of the goods, and discovery of the breach must await the time of such performance," in which case the cause of action does not accrue until the breach either was, or should have been, discovered. *Id.*

The general rule is that implied warranties, by their nature, cannot "explicitly" extend to future performance. See *Standard Alliance Industries v. Black* (C.A. 6, 1978), 587 F.2d 813; Annotation (1979), 93 A.L.R. 3d 690, 692-696 (citing cases). We conclude, therefore, that, pursuant to R.C. 1302.98(B), the appellants' cause of action for breach of an implied warranty of fitness accrued on May 11, 1981, the date on which the Trane system was installed.

Moreover, we can find no authority in Ohio for the application of the doctrine of equitable estoppel urged by the appellants. This doctrine would toll the statute of limitations while an innocent purchaser relies upon the seller's promises to repair. See *Standard Alliance, supra* at 822. While we are not adverse to the doctrine in principle, we find the wording of

R.C. 1302.98(d) effectively precludes us from adopting it here.[4]

Based upon the foregoing analysis, we conclude that the statute of limitations on the appellants' claim for breach of an implied warranty of fitness began running on May 11, 1981. Consequently, the statute barred the appellants' action based on breach of an implied warranty since they did not file their complaint until August 19, 1988. The appellants' first assignment of error is, therefore, overruled.

## III.

The appellants in their second assignment of error assert that the trial court erred in granting summary judgment on Count III of their complaint. In their complaint under Count III, the appellants specifically alleged that the sale of the Trane system was a "consumer transaction" as that term is defined under R.C. 1345.01, and that Trane violated the Consumer Sales Practices Act by falsely representing that the system had performance characteristics which it did not have. See R.C. 1345.02. The appellants also alleged that the sale of the system was a home solicitation sale as that term is defined under R.C. 1345.21, and that Trane violated the Home Solicitation Sale Act by failing to supply a notice of cancellation as required by R.C. 1345.22.

The issue presented for our review under this assignment is whether the sale of the Trane heating and air-conditioning system is covered by the general provisions of the Consumer Sales Practices Act as well as the particular provisions of the Home Solicitation Sale Act.

R.C. 1345.02, which prohibits unfair or deceptive consumer sales practices, applies to sales falling under the statutory definition of a "consumer transaction." A "consumer transaction," as defined in R.C. 1345.01, includes the sale of goods to an individual "for purposes that are primarily personal, family, or household ***." The Home Solicitation Sale Act, which is a separate part of R.C. Chapter 1345, applies to the home solicitation of "consumer goods," which are defined in R.C. 1345.21(A) as goods "purchased primarily for personal, family, or household purposes ***."

In support of its contention that the heating and air-conditioning system in the case *sub judice* does not fit within either of these definitions, Trane cites *Tamur's Inc. v. Hiltner* (1977), 55 Ohio App. 2d 90, 379 N.E.2d 231, and *Nagle Heating & Air Conditioning v. Suter* (June 27,

1986), Scioto App. No. 1580, unreported. Relying upon provisions of the Home Solicitation Sale Act which impose a duty upon the buyer who cancels to return the goods in "substantially as good a condition as when received see R.C. 1345(B) (2) and 1345.27, the courts in *Tamur* and *Nagle* concluded that goods which suffered a diminution in value upon installation or became fixed to realty could not be considered "consumer goods" within the definition of the Act.

Addressing this argument, we note initially that both Tamur and Nagle relied upon provisions which are unique to the Home Solicitation Sale Act, R.C. 1345.21 through 1345.28, and not shared by other provisions of R.C. Chapter 1345. Therefore, even if we were to adopt the rationale of these two cases, they provide no authority for holding that the sale of the Trane system was not a "consumer transaction" subject to the provisions of R.C. 1345.02 regarding unfair or deceptive consumer sales practices.

Moreover, we decline to adopt the rationale of Tamur and Nagle limiting the scope of the Home Solicitation Sale Act since, in our opinion, the provisions relied on by those courts, R.C. 1345.23 (B)(2) and 1345.27,[5] do nothing more than require the buyer who cancels to take reasonable care of the goods before returning them. In this regard, we note that the definitional section of the Home Solicitation Sale Act specifically lists categories of items which the legislature did not intend to be considered consumer goods, and nowhere is an exception provided for goods which require installation or become affixed to the consumer's household. See R.C. 1345.21(F)(1) through (6).

The record clearly establishes that the heating and air-conditioning unit sold by Trane to the appellants was for their family household. Moreover, the parties do not dispute that the subject sale was initiated by a telephone solicitation. We find, therefore, no basis for excluding the sale of the unit from either the general provisions of the Consumer Sales Practices Act or the particular provisions of the Home Solicitation Sale Act.

In view of our holding that the sale in the case *sub judice* falls within the purview of R.C. Chapter 1345, the issue arises whether the appellants' claim was time-barred. The applicable statute of limitations for both a violation of the Home Solicitation Sale Act and a violation of R.C. 1345.02 is two years from the date of the occurrence of the violation, or one year after termination of proceedings by the attorney general with respect to the violation, whichever is later. See R.C. 1345.10(C) and 1345.28.

In a well-reasoned decision, the Tenth District Court of Appeals concluded that a discovery rule cannot be read into the language of R.C. 1345.10(C). See *Cypher v. Bill Swad Leasing Co.* (1987), 36 Ohio App. 3d 200, 521 N.E.2d 1142. Thus, in the case *sub judice*, the only way in which the appellants' claim could not be time-barred is by its filing within one year after the termination of proceedings by the attorney general.

The record establishes that the appellants filed a complaint with the Office of the Attorney General on June 15, 1987, and received a reply dated July 8, 1987, from an investigator in the Consumer Protection Division, advising them that an informal investigation had been initiated. (T.d. 9.) Although the appellants in their brief state that the Office of the Attorney General terminated its investigation on April 11, 1988, there is no evidence of this of record. In his deposition, Mr. Beck testified that on January 14, 1989, he was not aware of any action being taken by the attorney general at that time. (T.d. 9, at 9.)

In sum, the record establishes only that an investigation was begun by the attorney general on July 8, 1987, and that it concluded sometime before January 14, 1989. Consequently, Trane has failed to effectively demonstrate on the state of this record that the appellants' claim filed on August 19, 1988, was time-barred because it was filed more than one year after the termination of proceedings by the attorney general. Summary judgment in Trane's favor was thus improperly granted since the record does not demonstrate that it was entitled to judgment as a matter of law. The appellants' second assignment of error is, therefore, well taken.

### IV.

In its cross-appeal, Trane asserts as its sole assignment of error that the trial court erred in denying the company's motion for summary judgment on the appellants' claim for breach of an express warranty. It is well settled that any order denying a motion for summary judgment is not a final appealable order. See *Balson v. Dodds* (1980), 62 Ohio St. 2d 287, 905 N.E.2d 293; *Overmeyer v. Walinski* (1966), 8 Ohio St. 2d 23, 22 N.E.2d 312. Trane's cross-appeal is therefore dismissed for lack of jurisdiction.

The order granting summary judgment in favor of Trane on the claim of breach of implied warranty is affirmed; the order granting summary judgment in favor of Trane for violation of the Ohio Consumer Sales Practices Act and Home Solicitation Sale Act is reversed; and Trane's cross-appeal is dismissed. Accordingly, this case is remanded to the trial court for further proceedings.

UTZ, P.J., SHANNON and HILDEBRANDT, J.J.

---

[1] The total amount which the appellants financed to purchase the system was $15,776.64, with monthly payments of $164.34 for eight years.

[2] In *Alexander*, the court sanctioned the use of Civ. R. 54(B) to render appealable the trial court's grant of partial summary judgment on all but one of the plaintiffs' eight causes of action.

[3] "The general purpose of Civ. R. 54(B) is to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals ***." *Alexander, supra* at 160, 359 N.E.2d at 703.

[4] R.C. 1302.98(d) refers expressly to R.C. 2305.15 and 2305.16, which provide for tolling of the statute of limitations only in certain prescribed circumstances: "where the person is out of state, has absconded or concealed himself, or is suffering under a disability." None of these circumstances is evident upon this record.

[5] R.C. 1345.23(B) (2) requires that the seller in a home solicitation sale provide the buyer with a notice of cancellation in which the buyer is advised, inter alia, that upon cancellation the buyer must make available to the seller any goods the buyer received "in substantially as good condition as when received." R.C. 1345.27 states that when a home solicitation sale is revoked, the buyer must make available to the seller any goods delivered, and the goods "shall not have been diminished in quantity nor subjected to unreasonable wear or use."