ZOLG, Appellee,

v.

YEAGER et al., Appellants.

[Cite as *Zolg v. Yeager* (1997), 122 Ohio App.3d 269.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–342.

Decided Aug. 1, 1997.

270

*David Zolg, pro se.*

*Stephen A. Rothschild* and *Jenifer A. Belt*, for appellants.

---

*Per Curiam.*

This is an appeal from a judgment of the Toledo Municipal Court that was filed on September 27, 1996, following a trial to the court. The court ruled that the Home Solicitation Sales Act, found in R.C. 1345.21 *et seq.*, did not apply to prevent the enforcement of an oral contract between appellants, David and Sally

Yeager, and appellee, David Zolg, for the construction of a custom home entertainment center in appellants' home. The trial court ruled that appellee was entitled to $1,500 plus ten percent interest and court costs.

Appellants are appealing the judgment of the trial court and have presented four assignments of error for review, which are:

"Assignment Of Error No. 1

"The trial court erred in denying defendants' motion for summary judgment.

"Assignment Of Error No. 2

"The trial court erred in denying defendants' motion to dismiss at the close of plaintiff's case–in–chief.

"Assignment Of Error No. 3

"The trial court erred in awarding plaintiff damages.

"Assignment Of Error No. 4

"The trial court erred in entering judgment for the plaintiff against both defendants."

The record shows that the following events and procedure led to this appeal. On December 18, 1995, appellee filed a compliant in the Small Claims Division of the Toledo Municipal Court against appellants. Appellee alleged that he had entered into an oral contract with appellants on November 23, 1994 in which he agreed to build a custom home entertainment center for appellants' home, and appellants agreed to pay appellee $1,500 to $2,000. He alleged that he started to work on the project on December 1, 1994, and that David Yeager fired him on December 14, 1994. He was therefore not able to complete the project and sought the reasonable value of his services and of the materials used, $1,500.

On February 13, 1995, in response to a motion from appellants, the case was transferred to the General Division of the Toledo Municipal Court. Appellants filed an answer and counterclaim. Appellants admitted that the oral contract described by appellee had been formed, that David Yeager had fired appellee, and that appellee had used some materials and had begun the installation of a custom home entertainment center. However, appellants alleged that the Home Solicitation Sales Act, R.C. 1345.21 *et seq.* ("the Act"), applied to the contract and, that appellee had violated provisions of the Act. Appellants listed several unfair and deceptive acts and practices they alleged appellee had committed, including failure to put the contract in writing in violation of R.C. 1345.23(A), failure to give appellants a written or oral notice of a three-day right to cancel the agreement in violation of R.C. 1345.23(B) and 1345.23(D)(2), and starting work during the time appellants still had a right to cancel of the contract, in violation of R.C. 1345.22.

On May 24, 1995, appellants filed a motion for partial summary judgment, alleging that they were entitled to summary judgment on appellee's complaint, because appellee had violated the Act and could not enforce the oral contract. Appellee, acting *pro se*, filed a letter addressed to the court in which he stated that the Act did not apply. A response to the letter was filed by appellants. Appellee then filed a second *pro se* letter in response to appellants' response.

On July 1, 1996, the trial court filed a judgment entry denying the motion for summary judgment. Appellants subsequently filed a motion to strike appellee's second letter to the court. The motion to strike was denied on August 30, 1996.

The case proceeded to a trial to the court. The court ruled in favor of appellee and entered judgment for him in the amount of $1,500 plus ten percent interest and costs.

■ In support of their first assignment of error, appellants argue that the trial court should have granted their motion for partial summary judgment. The Supreme Court of Ohio has ruled:

"Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150, 642 N.E.2d 615, syllabus.

As noted previously, in this case a trial was conducted to the court. At the conclusion of the trial, the court ruled that the facts presented showed that the Act did not apply to the contract between appellants and appellee. The trial court therefore entered judgment in favor of appellee, the party against whom the motion for summary judgment was made. The ruling of the trial court was based upon a factual determination, and fits precisely the situation envisioned by the Supreme Court of Ohio in *Continental Ins. Co. v. Whittington, supra.* Accordingly, appellants' first assignment of error is not well taken.

■ In support of their second assignment of error, appellants argue that the trial court should have granted their motion to dismiss appellee's complaint. Appellants contend that the Act applied to the contract for a custom-made home entertainment center and that appellee failed to show any facts that would enable him to claim an exception to the Act. Appellants further argue that because the Act applied, appellee could not enforce the oral contract and could not recover the value of his services and materials. Accordingly, they argue that the facts and the law at the conclusion of appellee's case would only support a judgment for appellants.

As this court has previously stated:

"In Ohio, a motion for a directed verdict in a case tried to the court, rather than a jury, is deemed a motion to dismiss under Civ.R. 41(B)(2). *Bank One Dayton, N.A. v. Doughman* (1988), 59 Ohio App.3d 60, 62 [571 N.E.2d 442, 443–444].

"Civ.R. 41(B)(2) reads, in material part:

" 'After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff * * *.'

"Pursuant to Civ.R. 41(B)(2), the trial court is the trier of fact and may weigh the evidence to determine whether the plaintiff has established his or her case by a preponderance of the evidence. *Bank One Dayton, N.A. v. Doughman,* 59 Ohio App.3d at 62 [571 N.E.2d at 443–444]. We can reverse a Civ.R. 41(B)(2) dismissal only if it is erroneous as a matter of law or against the manifest weight of the evidence." *First Natl. Bank of Pandora v. Plott* (Aug. 16, 1996), Wood App. No. WD–95–096, unreported, 1996 WL 465396.

Keeping this standard of review in mind, we now turn to the argument presented.

The law cited by appellants, the Act, provides:

"(A) 'Home solicitation sale' means a sale of consumer goods or services in which the seller or a person acting for him engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for him, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business. It does not include a transaction or transactions in which:

"* * *

"(4) The buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale;

"* * *

"(E) 'Consumer goods or services' means goods or services purchased, leased, or rented primarily for personal, family, or household purposes, including courses or instruction or training regardless of the purpose for which they are taken." R.C. 1345.21.

The trial court ruled that the Act does not apply to the contract entered into by appellee and appellants. The trial court quoted a previous ruling from this court in which we stated: "We hold that a home improvement estimate, requested by a consumer and submitted by a contractor during an invited visit to that consumer's home, constitutes an element of negotiation within the meaning of R.C. 1345.21(A)(4)." *Tambur's, Inc. v. Hiltner* (1977), 55 Ohio App.2d 90, 93, 9 O.O.3d 239, 241, 379 N.E.2d 231, 233. The trial court stated:

"Essentially, *Tambor* [*sic* ] held that once it is established that the parties met at the buyer's initiation for the purpose of negotiating a contract, the exception to the Home Solicitation Act applies.

"In this case, plaintiff was invited to defendants' home for the purpose of submitting a bid to construct a home entertainment center. The evidence is undisputed that the parties met at least twice at defendants' home to discuss the project and take measurements. After these negotiations, plaintiff submitted a bid to defendants which was later accepted. Clearly these parties engaged in negotiation for the purchase of the home entertainment center."

The trial court then noted that even if the ruling in *Tambur's, Inc. v. Hiltner* was not dispositive, the facts in the case still show that appellee met the requirements of R.C. 1345.21(A)(4).

The trial court noted that a case cited by appellants, *Clemens v. Duwel* (1995), 100 Ohio App.3d 423, 654 N.E.2d 171, sets forth a three-part test for meeting the exception to the Act found in R.C. 1345.21(A)(4). The three-part test requires a showing that (1) the buyer "initiated the contact between the parties for the purpose of negotiating a purchase," *id.* at 428, 654 N.E.2d at 174; (2) the seller "had a business establishment at a fixed location in Ohio," *id.*, and (3) "the goods or services involved in the transaction were regularly offered or exhibited for sale at the fixed location." *Id.* The trial court found that appellee had presented facts to show that each of the requirements of the three-part test were met. We agree.

The record shows that there was no dispute between the parties that David Yeager initiated the contact between the parties when he telephoned appellee and asked appellee to come to appellants' home to discuss a design and price for the installation of a custom-built home entertainment center. Thus, the first requirement of the three-part test was met.

Appellee also presented testimony showing that he has a shop, in a location in Ohio separate from his personal home, where he builds custom-made wood products. Appellee maintains separate telephones at his home and his shop, with separate telephone numbers. He has a listing in the Yellow Pages woodworking section for the telephone number of his shop under the business name "Wood

Facts." Appellee testified that David Yeager's first phone call asking him to go to appellants' home to discuss a design and price for a custom-made home entertainment center was placed to appellee's shop number. He testified that a good deal of his time is spent at the shop building custom items. He testified that the items are built at the shop, dismantled, taken to location, reassembled and finished. He stated that he is at the shop "almost every day," but that some days he is not at the shop, because he is on location installing the custom items. When he is at the shop, it is open to the public. If he is not there to answer the telephone, he has an answering machine to take messages. Finally, he testified that he meets with customers at the shop, and that David Yeager came there to look at the hinges he proposed to use on the entertainment center for appellants' home. Accordingly, the evidence showed that the second requirement, a business establishment at a fixed place in Ohio, was met.

Appellee's testimony also showed that the third requirement, that the goods or services involved in the transaction were regularly offered or exhibited for sale at the fixed location, was met. He testified that he regularly performed his woodworking services at his shop, and that the shop was open for the public. His testimony showed that individuals could and did come to his shop to employ his services as a woodworker.

We cannot find that the trial court's denial of appellants' motion to dismiss appellee's complaint at the close of his case was erroneous as a matter of law or was against the manifest weight of the evidence. Accordingly, appellants' second assignment of error is not well taken.

In support of their third assignment of error, appellants contend that "there was no testimony to support that [appellee] has substantially performed the contract." Appellants acknowledge that in Ohio, when a party has substantially performed its obligations under a contract, the party is entitled to payment under a contract. *Cleveland Neighborhood Health Serv., Inc. v. St. Clair Builders, Inc.* (1989), 64 Ohio App.3d 639, 644–645, 582 N.E.2d 640, 643–645. However, appellants contend that the trial court's finding in this case that appellee had substantially performed was against the manifest weight of the evidence.

This court will not reverse a judgment on appeal when the judgment is supported by competent, credible evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. In addition, it is the trial court's function to observe the witnesses and to make determinations of credibility and this court will not disturb those findings on appeal. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277.

In this case, appellee testified that at the time David Yeager fired him, he had already cut and stained the wood for the custom-made entertainment center. He testified that there were three sections to the entertainment center and that he had assembled the central portion and had installed it at appellants' house. He testified that he had stained and cut the wood for the remaining two sections of the entertainment center, and that he had them nearly assembled at his shop. He testified that all that remained to be done was to reassemble the sections at appellants' house, complete the installation and apply the final finish to the wood. Appellee's testimony provided ample support for the trial court's ruling that appellee had substantially completed his performance of the contract. Accordingly, the trial court's judgment awarding appellee damages was not against the manifest weight of the evidence. Appellants' third assignment of error is not well taken.

In support of their fourth and final assignment of error, appellants contend that there was no evidence to support the trial court's ruling that Sally Yeager was a party to the contract with appellee. Once again, this court must apply the standards of review for a challenge based upon the manifest weight of the evidence, *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d at 279, 8 O.O.3d at 261, 376 N.E.2d at 578, and the credibility of the witnesses, *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d at 80, 10 OBR at 410–411, 461 N.E.2d 1273, 1276–1277. Appellee testified that Sally Yeager was present at the meetings that were held at her home to discuss hiring appellee to make a custom-built entertainment center and that she had a part in establishing the exact design for the center. His testimony is sufficient to show that Sally Yeager was a party to the contract. Appellants' fourth assignment of error is not well taken.

The judgment of the Toledo Municipal Court is affirmed. Appellants are ordered to pay the court costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., HANDWORK and GLASSER, JJ., concur.