OPINION
Defendant Donna Goodwin appeals a judgment of the Court of Common Pleas of Richland County, Ohio, in favor of plaintiff Collins Home Improvement, Inc., on its complaint for money due on a contract between the parties. Appellant assigns two errors to the trial court:
ASSIGNMENT OF ERROR
 1. THE TRIAL COURT ERRED IN UPHOLDING THE MAGISTRATE'S RECOMMENDATION THAT APPELLEE BE GRANTED JUDGMENT ON THE CONTRACT BECAUSE THE AFFIRMATIVE DEFENSE OF VIOLATION OF THE OHIO HOME SOLICITATION SALES ACT WAS NOT AVAILABLE TO APPELLANT.
 2. THE TRIAL COURT ERRED IN UPHOLDING THE MAGISTRATE'S RECOMMENDATION THAT APPELLANT DID NOT STATE A CAUSE OF ACTION IN HER COUNTERCLAIM UNDER THE OHIO CONSUMER PRACTICES ACT.
The court referred the matter to a magistrate for a bench trial. After the bench trial, the magistrate made findings of fact and conclusions of law, directing appellant to pay appellee $15,505.00 plus interest, on the contract. The trial court approved the magistrate's decision.
The magistrate found appellant and appellee entered into a home improvement contract wherein appellee agreed to install vinyl siding, trim, gutters, downspouts, windows, an entrance door, and two storm doors. Appellant agreed to pay $18,900.00 for the materials, plus labor. The parties later reduced the contract price by $1,300.00, and the parties concede no payments were made on the contract. Appellee's demand in its complaint was for $17,600.00. Appellant experienced some difficulty getting financing, but eventually obtained financing and appellee began work on the house in December of 1996. In January of 1997, appellant asked appellee to stop working on the house. As of January 29, 1997, all the work had been accomplished except the installation of one window, the entry door, and two storm doors, as well as facing and caulking on the windows. The appellee represented itself as willing to complete the job.
The magistrate found appellant had breached the contract between the parties. From the $17,600.00 contract price, the court deducted $2,095.00, representing the costs of materials and labor for the items not completed.
The court found the Home Solicitation Sales Act and Consumer Sales Practices Act do not apply to this home improvement contract because the contract applies to aluminum siding already installed on the home. The magistrate cited our case of BPI Industries v.DeVaney (June 3, 1992), Perry App. Number CA-415, unreported, andTamburs, Inc. v. Hiltner (1977), 55 Ohio App.2d 90. Following those cases, the magistrate found the aluminum siding is a fixture rather than a consumer good after it has been applied to the home.
We will address both assignments of error together for clarity's sake.
In DeVaney, supra, this court reviewed a situation wherein parties contracted for installation of an above-ground swimming pool at their residence. The purchasers attempted to cancel the sale, but the Perry County Court of Common Pleas found the purchasers owed $7,500.00 plus pre-judgment interest for the pool. This court rejected the purchaser's claims R.C. 1345.21 through1345.28 permitted them to cancel the contract. This court noted the swimming pool in question could not be returned in substantially the same condition as received because it had been altered and installed. For this reason, the contract for the sale and installation of a pool was not a contract for goods, because, when purchased, it was intended by all parties to the transaction to become a fixture to the realty. Likewise, in Tamburs,supra, cited by the magistrate, the Court of Appeals for Lucas County reviewed a situation strikingly similar to the case at bar. In Tamburs, the home improvement company completed home repairs and remodeling, including installing aluminum siding on a home residence. The Tamburs court also found aluminum siding is not a consumer good as defined in R.C. 1345.21(E). That statute defines consumer goods and services as purchased for personal, family, or household purposes. The Lucas County Court of Appeals found a building material which becomes a fixture is not personal, family, or household goods. The court noted aluminum siding, cut to fit the contours of the structure and attached to the structure cannot be returned to the vendor for the same value as it was received,Tamburs at 94.
We find the trial court did not err in accepting the magistrate's determination a homeowner cannot invoke the protection of the Home Solicitation Sales Act or Consumer's Sales Practices Act on a purchase of aluminum siding after the siding has been installed on the purchaser's home.
Each of appellant's assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.