DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a February 23, 2000 judgment entry of the Toledo Municipal Court in which the court dismissed a subrogation claim brought by appellant, Erie Insurance Group, against appellee, Trina Wilson, after finding that appellant failed to prove its claim by a preponderance of the evidence. Appellant has presented one assignment of error that reads:
 "A) THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR PREJUDICIAL TO PLAINTIFF-APPELLANT AND IN FAVOR OF DEFENDANT-APPELLEE, TRINA WILSON (HEREINAFTER REFERRED TO AS `MS. WILSON') WHEN THE TRIAL COURT GRANTED THE DEFENDANT-APPELLEE'S MOTION FOR DIRECTED VERDICT UPON A FINDING THAT PLAINTIFF-APPELLANT FAILED TO SHOW THE IDENTITY OF THE OTHER DRIVER, FAILED TO SUFFICIENTLY IDENTIFY THE VEHICLES AND THEIR OWNERSHIP, AND FAILED TO PROVIDE SUFFICIENT TESTIMONY AND EVIDENCE OF THE DAMAGES TO PLAINTIFF-APPELLANT'S VEHICLE."
Before we address the arguments presented relating to the sole assignment of error, we will first review the facts and procedure in this case.
The record shows that this case began on June 30, 1998, when appellant filed a complaint in the Toledo Municipal Court seeking reimbursement from appellee of $1,345.50 that it paid to its insured for damages it alleged were caused by an accident the insured had with appellee. Appellant later filed a motion for a default judgment, which the court denied after finding that appellee filed its answer and counterclaim to the complaint by the deadline established in an earlier court order.
Appellee subsequently filed a dismissal of her counterclaim with prejudice. The case went to bench trial, and on February 23, 2000, in response to a request from appellant for findings of fact and conclusions of law, the trial court filed a judgment entry confirming its dismissal of appellant's case. The court said:
 "This matter came on for trial on February10, [sic] 2000 upon the Complaint of Plaintiff for payment of a subrogation claim made against the Defendant for payments made to Plaintiff's insured as a result of an accident.
 "The Plaintiff presented some testimony by its insured driver and rested its case. The Defendant, at the conclusion of Plaintiff's case, moved for a directed verdict. As this was a trial to the bench, a dismissal was more properly entered thereon. The Court has found that the Plaintiff failed to prove by the preponderance of the evidence its claim. The court notes that the testimony of the witness consisted of a statement of the events of the accident as she saw it. Among other things, the Plaintiff failed to show the identity of the other driver, failed to sufficiently identify the vehicles in question or ownership. Further the witness failed to give sufficient testimony regarding the damages suffered and claimed by the insured. Plaintiff failed to properly enter into evidence the amounts claimed to have been paid to the insured as alleged in the Complaint.
 "Wherefore, this cause is dismissed on the merits with costs assessed to the Plaintiff."
Appellant then filed its notice of appeal.
In support of its sole assignment of error, appellant says that the trial court should not have granted appellee's motion to dismiss this case. First, appellant argues that appellee made several admissions that she was the driver in the other car involved in an accident with the car driven by appellant's insured. Appellant points to statements made by appellee in her counterclaim and to statements made by appellee's counsel in opening and during cross-examination that all identified appellee as the other driver involved in the accident. Appellant says that information was sufficient to permit the trial court to find that appellee was properly named and identified before the court "so as to deny Defendant-Appellant's motion for directed verdict."
Next, appellant says that its evidence of damages was "presented pursuant to the Ohio Rules of Evidence." Appellant says that evidence offered must be admitted unless a party objects in a timely manner and supports the objection with an applicable rule of evidence. Appellant says that its insured testified about the extent of damages to her vehicle and about the dollar amount of those damages. Appellant says its insured also testified that appellant paid for the repair of the damage to her vehicle. Appellant concludes: "In sum, she identified photographs of her car, the damage to her car, the fact that her car was out of service which required her to use a rental car, the payment of a portion of the damages by Erie Insurance, and the balance which she paid."
Appellee responds that the trial court did not abuse its discretion in this case when it granted appellee's motion to dismiss. Appellee says that appellant "inadvertently failed to offer into evidence the exhibits relied upon at trial." Appellee says that the trial judge noted that no exhibits had been admitted before she ruled on the motion to dismiss, giving appellant the opportunity to move that its exhibits be admitted into evidence. Without the documents admitted into evidence, appellee says, the trial court had no way to know that appellant's insured testified accurately about what was reflected in the exhibits.
Appellee also says that appellant did not ever specifically identify appellee and did not ever show that its insured owned the car she was driving at the time of the accident. Appellee says appellant's insured also failed to testify that the car she was driving was covered by insurance provided by appellant. Finally, appellee says appellant never sufficiently established the amount of damages in this case. Appellee acknowledges that appellant's insured referred to an exhibit "with respect to an amount of $1,272.22"; however, the insured never said that amount was related to the damages to a vehicle insured with appellant.
This court can reverse a trial court's dismissal of a case pursuant to Civ.R. 42(B)(2) only if the dismissal is erroneous as a matter of law or is against the manifest weight of the evidence. Zolg v. Yeager (1997), 122 Ohio App.3d 269, 273. Keeping this standard of review in mind, we have carefully reviewed the record and considered the arguments presented by the parties.
In this case, the record does not include a transcript of the trial. We note that appellant filed an amended praecipe indicating that the transcript would be attached to its brief. This procedure is provided for when a trial is videotaped, see App.R. 9(A), but in this case, there is no indication that the trial was videotaped. Accordingly, appellant has not complied with App.R. 9 and 10 since appellant did not have the transcript of the trial transmitted to the clerk of the court of appeals for inclusion in the official record. Furthermore, the transcript attached to the brief lacks a front and back cover, is not firmly bound on the left side, and does not have an index as required by App.R. 9(B)(1)(2) and (5).
Without a transcript filed in the record, this court must presume the propriety of the trial court proceedings. See,e.g., State v. Garrison (Aug. 14, 1998), Lucas App. No. L-97-C1309, unreported; and State v. Pless (Sept. 29, 1995), Lucas App. No. L-94-334, unreported. Appellant's sole assignment of error is not well-taken.
The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ___________________ HANDWORK, J.
 Richard W. Knepper, P.J., Mark L. Pietrykowski, J., JUDGES CONCUR.