MULLEN ET AL., APPELLANTS, *v.* FIFTH THIRD BANK, APPELLEE.

(No. C-870265—Decided February 3, 1988.)

*Ebner & Riker* and *Drake W. Ebner,* for appellant Robert J. Mullen.

*Steve C. Shane,* for appellants Francis J. Francis and Dwayne E. Heflin.

*Graydon, Head & Ritchey, Harry J. Finke IV* and *Susan Dlott Knowlton,* for appellee.

*Per Curiam.* Each of the three plaintiffs in this action purchased an automobile from a Cincinnati-area car dealer; the dealers arranged financing through the defendant, Fifth Third Bank. Shortly after making their purchases, the plaintiffs sued the bank, claiming that their installment contracts were in violation of the Ohio Retail Installment Sales Act, R.C. Chapter 1317 ("RISA"). The trial court granted the bank's motion for summary judgment, and the plaintiffs filed this appeal.

In their single assignment of error, the plaintiffs contend that the trial court erred in granting the bank's motion for summary judgment. We find that the assignment of error is without merit.

The plaintiffs agree that the central issue is whether, in obtaining their loans, they were customers of the car dealers, or of the bank. If the plaintiffs were customers of the car dealers, the provisions of RISA apply to the retail installment contracts. On the other hand, if the plaintiffs were customers of the bank, RISA does not apply because the bank is a "financial institution" as defined by R.C. 5725.01. R.C. 1317.01(P).

The plaintiffs emphasize that they had no face-to-face contact with any bank employee. However, they present no authority holding that face-to-face contact is necessary for the formation of a bank-customer relationship. An examination of the installment contracts in question reveals that each contract contains a promise to pay Fifth Third Bank, and that there is no promise to pay the dealership selling the automobile.[1] We find that this language clearly establishes that each plaintiff was a customer of the bank. Therefore, the installment sales contracts are not governed by the provisions of RISA, and the trial court was correct in granting the bank's motion for summary judgment.[2]

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., DOAN and HILDEBRANDT, JJ., concur.

---

[1] The record does not contain a copy of the installment contract signed by Heflin. However, the plaintiffs do not assert that Heflin's contract varied in any way from the contracts entered into evidence as representative of the terms in dispute.

[2] We note that our decision is in agreement with decisions released by two other state appellate courts. *Euclid Natl. Bank* v. *Hodge* (Dec. 12, 1985), Cuyahoga App. No. 49705, unreported; *Huntington Natl. Bank* v. *Elkins* (1987), 43 Ohio App. 3d 64, 539 N.E. 2d 1135.