BANK ONE, DAYTON, N.A., APPELLANT, *v.* DOUGHMAN, APPELLEE.

(No. C-880001—Decided
November 16, 1988.)

*Porter, Wright, Morris & Arthur,*
*Christopher · D. Trail, Robert P.*
*Thomas* and *Waymon B. McLeskey II,*
for appellant.
*William C. Hambley,* for appellee.

BLACK, J. The single issue in this appeal is whether a retail purchaser of consumer goods may, under R.C. 1317.031, assert against the financial institution that loaned money to the buyer for the purchase, the defense that the installment note provided for an excessive delinquent charge (in excess of three dollars, contrary to the provisions of R.C. 1317.06[B][2]), thus rendering the installment note unenforceable under R.C. 1317.08. We believe this point is one of first impression, and we hold that this specific defense may not be asserted by the retail buyer under the facts and circumstances disclosed by the record.

On March 7, 1984, plaintiff-appellant Bank One, Dayton, N.A. ("Bank One") entered into a "dealer agreement" with Solar America, Inc. ("Solar") whereby Solar was authorized to arrange for the extension of credit for a "customer" purchasing goods from Solar who needed to borrow money to complete the transaction. The dealer agreement "deemed" Solar an independent contractor and not Bank One's agent. It is a reasonable inference that this was a continuing contractual business arrangement.

On August 21, 1985, Solar sold to defendant-appellee Mildred C. Doughman ("Doughman") a solar heat collector to be fully installed in her residence in College Hill, a Cincinnati neighborhood. Solar and Doughman entered into a written contract whereby Doughman agreed to pay $3,498, of which $498 was payable in cash in advance with the balance payable "upon completion." Simultaneously, Doughman borrowed $3,000 from Bank One to pay that balance, signing an "indirect loan application" to Bank One and an unsecured installment note. All three documents were executed at her residence with only Solar's employee present; no bank personnel were there. Solar received the full contract price.

Doughman made only the first of thirty-six monthly installment payments to Bank One. On August 12, 1986, Bank One sued Doughman for the entire balance owing under the installment note.[1] Doughman answered, asserting eight defenses, one of which (designated "First Affirmative Defense") was that the "contract" was a retail installment contract that was unenforceable under R.C. 1317.08 because it called for charges against the buyer prohibited by R.C. 1317.01

---

[1] Bank One brought suit originally in the Dayton Municipal Court, but on Doughman's motion, the action was transferred to the Hamilton County Municipal Court under Civ. R. 3(C).

through 1317.11 inclusive. While this is the only defense that will be considered in this appeal, we note that Doughman's other defenses include her incapacity to enter any contract and charges of Bank One's committing unfair, deceptive and unconscionable sales practices (R.C. 1345.02 and 1345.03), violations of the federal Truth-in-Lending Act, violations of the Ohio Home Solicitations Sales Act (R.C. 1345.21 *et seq.*), and a claim of defective equipment and installation.

At the close of the plaintiff's case in a trial to the court, a jury having been waived, Doughman moved for a "directed verdict" on the one and only ground that the installment promissory note called for late charges of $25, in excess of the $3 allowed under R.C. 1317.06(B)(2).[2] The motion was granted, and Bank One's complaint was dismissed with prejudice at Bank One's costs. It is indisputable that the only reasons for the court's dismissal were that the late charge set forth in the installment note exceeded the allowable maximum provided in R.C. 1317.06(B)(2), that this defense was available to Doughman as the retail buyer under R.C. 1317.031,[3] and that the violation rendered the entire "contract" unenforceable. R.C. 1317.08.

The single assignment of error is that the trial court erred in granting the motion for a directed verdict. We hold that the intent of this assignment of error is to draw into question the dismissal of Bank One's complaint at the close of its case for the single reason designated by the court, and that, thus understood, the assignment of error has merit.

The trial court and counsel used the wrong terminology. As has been said time and again, "[i]n a trial to the court without a jury, a motion for judgment at the conclusion of the plaintiff's case is one for dismissal under Civ. R. 41(B)(2), not a motion for a directed verdict under Civ. R. 50." *Jones* v. *Dolle* (Aug. 2, 1978), Hamilton App. No. C-77357, unreported, at 2.[4] Accord *Janell, Inc.* v. *Woods* (1980), 70 Ohio

---

[2] R.C. 1317.06(B) reads in full:

"*Every retail seller* may, at the time of making any retail installment sale, contract for the payment by the retail buyer of lawful delinquent charges as follows:

"(1) No charges shall be made for delinquent payments less than ten days late.

"(2) Five cents for each dollar for a delinquent payment that is more than ten days late may be charged, *but in no event shall a delinquent charge for any one installment exceed three dollars.*

"A provision for the payment of interest on any installment not paid in full on or before its scheduled due date at a rate not to exceed one and one-half per cent interest per month is not a delinquent charge and is expressly authorized." (Emphasis added.)

[3] R.C. 1317.031 reads in full:

"Notwithstanding section 1303.34 of the Revised Code, *a buyer who executes a purchase money loan installment note* or a retail installment contract *in connection with a consumer transaction may assert* against any holder, assignee, or transferee of the note or contract, specifically including any holder in due course, as defined in section 1303.31 of the Revised Code, of the note or contract *any defense that the buyer may assert against the seller that is authorized by this chapter.*" (Emphasis added.)

[4] In explanation, we went on to state:

"This distinction is important because two different tests are applied. The test for a motion to dismiss in a bench trial under Civ. R. 41(B)(2) is whether plaintiff has made his case by a preponderance of the evidence. The court is the trier of the facts and is entitled to weigh the evidence then before the court. The court's dismissal will not be set aside unless it is erroneous as a matter of law or against the manifest weight of the evidence. * * * [Citations omitted.] The test for a motion for a directed verdict under Civ. R. 50 is whether

App. 2d 216, 24 O.O. 3d 266, 435 N.E. 2d 1138; *Altimari* v. *Campbell* (1978), 56 Ohio App. 2d 253, 10 O.O. 3d 268, 382 N.E. 2d 1187; *Jacobs* v. *Bd. of Cty. Commrs.* (1971), 27 Ohio App. 2d 63, 56 O.O. 2d 245, 272 N.E. 2d 635. Contrary to the granting of a directed verdict, which is based on insufficiency of evidence, a dismissal of plaintiff's case under Civ. R. 41(B)(2) allows the trial court to weigh the evidence, resolve any conflicts therein, and render judgment for the defendant if the plaintiff has shown no right to relief. The dismissal will be set aside only if erroneous as a matter of law or against the manifest weight of the evidence. *Jones* v. *Dolle, supra; Janell, Inc.* v. *Woods, supra; Jacobs* v. *Bd. of County Commrs., supra.*

We hold that the trial court erred as a matter of law in dismissing Bank One's complaint because the defense of an excessive late charge under R.C. 1317.06(B)(2) was not available under R.C. 1317.031 to Doughman as a retail buyer. We emphasize that this decision is circumscribed, that it is restricted to the single issue raised by the assignment of error, and that we do not reach and do not rule on the availability of Doughman's other defenses.

The trial court erred when it held that "the transaction involved herein constitutes a single retail installment contract." As we decided in *Mullen* v. *Fifth Third Bank* (1988), 43 Ohio App. 3d 69, 539 N.E. 2d 683, and as has been decided by other Ohio courts of appeals, when the buyer signs an installment note payable to a financial institution, even in the absence of face-to-face contact with bank personnel, the buyer thereby becomes a customer of the bank, and the installment note is not subject to R.C. Chapter 1317, the Ohio Retail Installment Sales Act ("ORISA"). *Huntington Natl. Bank* v. *Elkins* (1987), 43 Ohio App. 3d 64, 539 N.E. 2d 1135; *Euclid Natl. Bank* v. *Hodge* (Dec. 12, 1985), Cuyahoga App. No. 49705, unreported; *Lake Natl. Bank* v. *Galliher* (Oct. 22, 1982), Lake App. No. 9-055, unreported. See *Shane* v. *Fifth Third Bank* (Oct. 14, 1986), Hamilton M.C. No. 85CV-29594, unreported; *Meeks* v. *Fifth Third Bank* (Dec. 18, 1985), Hamilton C.P. No. A-8409907, unreported.

An arrangement made between a seller of goods and a financial institution whereby the seller presents to the buyer (and even assists him in completing) documents obligating the buyer to make installment payments to a financial institution has been held to create a debtor-creditor relationship between the buyer and institution, negotiated at arm's length, even in the absence of any direct contact between the buyer and the institution. *Blon* v. *Bank One, Akron, N.A.* (1988), 35 Ohio St. 3d 98, 519 N.E. 2d 363.

The basic reason the installment note to the financial institution is not subject to ORISA is that it does not fall within any of the definitions in R.C. 1317.01. The installment note is not a "retail installment contract," R.C. 1317.01(L), because it is not executed in connection with a "retail installment sale." R.C. 1317.01(A). The note does not itself constitute a contract for the present or future passing of title to specific goods from the seller to the buyer for a price, R.C. 1317.01(M) and 1302.01(A)(11), but it is instead a financial transaction with the financial institution. Further, the note is not executed in connection with a "consumer

---

after construing the evidence most strongly in favor of the party against whom the motion is made, the court finds that upon any determinative issue, reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. In such event, the court is not the trier of the facts and does not weigh the evidence in ruling on the motion." *Jones* v. *Dolle, supra,* at 2-3.

transaction," because the definition of that term in R.C. 1317.01(P) specifically excludes transactions between "financial institutions" as defined in R.C. 5725.01 and their customers.

Obviously, the installment note in the instant case is a promise to pay Bank One, not Solar. If Doughman had executed an installment note payable to Solar, and if Solar had subsequently assigned or endorsed that note to Bank One, then the note would have been subject to ORISA, and the defense of a violation of late-charge provision of R.C. 1317.06(B)(2) would have been available to Doughman.

Doughman argues, however, that Bank One's installment note was a "purchase money loan" under R.C. 1317.01(Q)[5] and that as the buyer in a consumer transaction, she may assert under R.C. 1317.031 against Bank One "any defense that the buyer may assert against the seller that is authorized by this chapter." Doughman's argument is that one of the defenses she has is the violation of the restriction on late charges set forth in R.C. 1317.06(B)(2).

Bank One responds that even if it assumed for the purpose of this appeal that the instant installment note is a "purchase money loan" under R.C. 1317.01(Q), nevertheless R.C. 1317.06(B)(2) is not one of the defenses available to Doughman.

We are persuaded that Bank One's response is correct. In the first place, R.C. 1317.031 was added to ORISA to eliminate the consequences of the commercial law doctrine that protects a holder in due course from the notemaker's unknown defenses. *Allis-Chalmers Credit Corp.* v. *Herbolt* (1984), 17 Ohio App. 3d 230, 238, 17 OBR 496, 506, 479 N.E. 2d 293, 302. Further, when we read R.C. 1317.01(Q), 1317.031 and 1317.032 together, we conclude that the General Assembly intended to continue the distinction between an installment contract made with the retail seller and an installment note made with a financial institution, and not to make the installment note subject to the entirety of the provisions of R.C. Chapter 1317. We conclude that the legislature did not intend to merge an installment note into an installment sale if executed in connection with a consumer transaction. Bank One's note may be subject to some or all of Doughman's other defenses because it does not have the position of a holder in due course[6] (a point we do not decide in the instant case), but Bank One is not subject to R.C. 1317.06(B)(2) because it is not a "retail seller" and did not make a "retail installment sale." Solar would have been subject to those restrictions on late charges if it had executed a retail installment contract. It did not. The sales contract with Doughman called for full payment of the purchase

---

[5] R.C. 1317.01(Q) reads in full:

" 'Purchase money loan' means *a cash advance that is received by a consumer from a creditor in return for a finance charge* within the meaning of the 'Truth in Lending Act,' 82 Stat. 146 (1968), 15 U.S.C. 1601 and regulation Z thereunder, *which is applied in whole or substantial part to a consumer transaction with a seller, who either:*

"(1) Cooperates with the creditor to channel consumers to the creditor on a continuing basis;

"(2) *Is affiliated with the creditor by* *common control, contract, or business arrangement.*

"If a credit card issued by a bank or a building and loan association is used by a consumer in a particular consumer transaction, the bank or building and loan association is not a creditor, within the meaning of this division, with respect to the particular consumer transaction." (Emphasis added.)

[6] See, *e.g., Young* v. *Bernstein* (Sept. 19, 1986), Wood App. No. WD-85-98, unreported, and *First Natl. Bank of Akron* v. *Smith* (Nov. 17, 1982), Summit App. No. 10729, unreported.

price "upon completion," and there were no installment payments called for under that contract.

The judgment of the trial court is reversed, and this case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., and DOAN, J., concur.