Timothy J. Maccabee, respondent-appellant, appeals a decision by the Franklin County Court of Common Pleas, Division of Domestic Relations. The trial court granted a petition for a domestic violence civil protection order filed by Sherri M. Maccabee, petitioner-appellee, pursuant to R.C. 3113.31. We affirm.
Appellant and appellee were married on September 18, 1988. On August 6, 1998, appellee filed a petition for a civil protection order. In the petition, appellee alleged that appellant engaged in:
 Verbal threats of violence — Harassing place of employment. Current Previous. Carrying guns — of which he has previously threatened to kill me by holding gun to my face in front of child. "94" Threats of taking children leaving state. "7-98" — unless I stay with him. Intimidation — Previous stalking, harassment — "94"
The trial court held a hearing on August 27, 1998 concerning appellee's petition. During the hearing, the parties disputed whether the court should grant appellee's petition. On August 28, 1998, the trial court issued a civil protection order with a child support order. Appellant was ordered to not harm, threaten to harm, threaten, molest, follow, stalk, bother, harass, contact or force sexual relations upon appellee and their children. The order also allowed for temporary visitation rights between appellant and the parties' children. Appellant appeals this order and presents the following assignments of error:
A. FIRST ASSIGNMENT OF ERROR
 The Court erred in denying appellant's Motion to Dismiss.
B. SECOND ASSIGNMENT OF ERROR
 The decision of the Court in granting the Civil Protection Order against appellant was against the manifest weight of the evidence.
Appellant argues in his first assignment of error that the court should have sustained appellant's motion to dismiss. We disagree.
Proceedings under R.C. 3113.31 are conducted in accordance with the Rules of Civil Procedure. R.C. 3113.31(G). Civ.R. 41(B)(2) states in part:
 After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. * * *
"Under Civ.R. 41, the trial judge, as the trier of fact, actually determines whether the plaintiff proved the necessary facts by the necessary quantum of proof." Hawn v. Pleasant (May 28, 1999), Scioto App. No. 98CA2595, unreported. The trial court's decision concerning a Civ.R. 41(B)(2) motion to dismiss "will be set aside only if it is erroneous as a matter of law or against the manifest weight of the evidence." Hayward v.City of Columbus (Oct. 27, 1998), Franklin App. No. 98AP-194, unreported (1998 Opinions 4876, 4885), following Bank One,Dayton, N.A. v. Doughman (1988), 59 Ohio App.3d 60.
The purpose of a civil protection order issued pursuant to R.C. 3113.31 is to provide a petitioner or other household members with protection from domestic violence. Thomas v.Thomas (1988), 44 Ohio App.3d 6, 7. "When granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. For the purposes of R.C. 3113.31, domestic violence means the occurrence of one or more of the following acts against a family or household member:
 (a) Attempting to cause or recklessly causing bodily injury;
 (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code;
 (c) Committing any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code.
R.C. 3113.31(A)(1).
In the present case, appellee testified that she left the marital residence to live in a domestic violence shelter because she was in fear of appellant and wanted to not be "somewhere where he could find me that he would hurt me or try to take my children." She also testified:
 He has previously threatened to shoot me. He has held a gun to my head in front of my son. He's intimidated me.
* * *
 He would yell at me and scream at me and scare me and then threaten to kick me out, or to make me call my dad to come and get me and then he would take the phone so I couldn't do that. I would lots of times be afraid to go in public places, afraid of if someone came up to me or said anything to me, that just his reactions.
* * *
 He has hit me before. He's slapped me. He's hit me in the back.
Appellee also agreed with counsel's statement that appellant was capable of physically harming her, she was afraid of him, and that she would not "feel safe walking out of the courtroom today without a protection order."
Appellant claims that the trial court could not rely upon the incident where appellee testified that he had placed a gun to her head because the incident occurred four years before the hearing. However, the critical inquiry under R.C. 3113.13 "is whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent), serious physical harm." Strong v. Bauman (May 21, 1999), Montgomery App. Nos. 17256, 17414, unreported. The "staleness" of an incident is not dispositive of whether the incident should be considered because "the language of R.C. 3113.31(A) does not require evidence of 'new' domestic violence before a civil protection order may be issued or continued." Trent v. Trent
(May 10, 1999), Preble App. No. CA98-09-014, unreported.
 * * * [T]he statute does not place any outer limit on when the domestic violence must have occurred. Whether an occurrence of domestic violence is recent enough to warrant a civil protective order is a matter committed to the sound discretion of the trial court.
Halley v. Ashley (Nov. 12, 1997), Summit App. No. 18232, unreported, fn. 2.
Accordingly, after having reviewed the evidence presented prior to appellant's motion to dismiss, we find that the trial court's decision to overrule appellant's motion to dismiss was not erroneous as a matter of law or against the manifest weight of the evidence. Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court's decision to grant the civil protection order was against the manifest weight of the evidence. Appellant claims that appellee did not produce witnesses to substantiate her claims forming the basis of her petition, and that his testimony refutes her claims.
Essentially, the present case concerns a credibility determination between the parties:
 * * * The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact. The trier of fact has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case.
State v. Burdine-Justice (1998), 125 Ohio App.3d 707, 716
(citations omitted). Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
Additionally, it was not essential that appellee corroborate her testimony with other witnesses. "Domestic violence is seldom committed in the presence of eyewitnesses. * * * Often the only evidence of domestic violence is the testimony of the victim." Felton, at 44.
Therefore, after having reviewed the complete record, we find that the trial court's judgment is supported by competent, credible evidence going to all the essential elements. The trial court, presented with two different versions of the relationship between the parties, essentially found appellee's version to be more credible. The court in fact stated on the record:
 * * * [T]he Court believes that [appellee] has proven her case. The Court believes that unless restrained that there is risk of serious imminent physical harm to [appellee]. I've watched carefully the demeanor and heard the testimony of both parties. I don't believe the explanations offered by [appellant] are reasonable.
Accordingly, we overrule appellant's second assignment of error.
Appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.
Judgment affirmed.
BOWMAN and PETREE, JJ., concur.