OPINION
Crystal Turner is appealing from the decision of the Common Pleas Court of Montgomery County, Ohio, dismissing her complaint against First Union Home Equity Bank, N.A. ("The Bank"). The trial court set forth the following statement of facts in its decision, which we hereby adopt:
 On March 5, 1999, Plaintiff filed a Complaint alleging eleven claims against City Wide Home Improvement and First Union. The eighth, ninth, tenth and eleventh claims allege liability on the part of First Union. Plaintiff's claims against First Union are as follows: 1) a violation under the Ohio Retail Installment Sales Act; 2) negligence, gross negligence, and recklessness; 3) civil conspiracy; and 4) punitive damages. First Union now moves this Court for an order dismissing all of Plaintiff's claims against First Union for failure to state a claim upon which relief can be granted. The pertinent facts in this case are as follows:
 On or about October 3, 1998, Plaintiff contracted with City Wide to take over her home improvement project. The contract was contingent on Plaintiff obtaining financing for the job. The contract required that Plaintiff pay City Wide in cash but did not specify the date of payment. After Plaintiff entered into the contract with City Wide, Mr. Hines of City Wide discussed financing the project with Mr. Cline, of First Union. Mr. Cline then contacted Plaintiff and offered her a home equity loan. Plaintiff agreed to accept a loan from First Union to finance the project. On October 19, 1998, First Union made a home equity loan to Plaintiff in the total amount of $16,400.00. Among the loan documents was an installment note payable to First Union. Also, on October 15, 1998, Plaintiff signed two papers directing that $15,500 of the loan proceeds be used to pay off Plaintiff and CityWide. Four days later, in accordance with Plaintiff's instructions and approval, the title agency company issued $15,500 in two checks made payable jointly to Plaintiff and City Wide. The Complaint does not allege that anyone from City Wide was present during the loan process. Plaintiff apparently, according to First Union, endorsed the checks and turned them over to City Wide.
 City Wide failed to begin work on October 23, 1998, as scheduled, and City Wide defaulted on its contract with Plaintiff. City Wide eventually began performance, but their work resulted in the collapse of Plaintiff's ceiling. Plaintiff's counsel ordered City Wide to cease and desist any further work on the property and to remove City Wide's tools and other personal property from the job site. Plaintiff also informed First Union that she would no longer be making further payments on her loan from First Union.
Docket 13.
This decision was appealed by Turner and was subsequently made a final appealable order when Turner dismissed all claims against the home improvement contractor. Turner presents only one issue for our review in her following sole assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT R.C. 1317.03.2 IS INAPPLICABLE TO CONSUMER PURCHASE MONEY LOAN TRANSACTIONS BETWEEN FINANCIAL INSTITUTIONS AND THEIR CUSTOMERS.
In its motion to dismiss the complaint, the bank argued that since it is a financial institution, it is not covered by the terms of the Ohio Retail Installment Sales Act (RISA). The court agreed and explained it in the following analysis in its opinion:
 In the eighth claim of Plaintiff's complaint, she asserts that First Union is liable to Plaintiff for some or all of her claims against City Wide because First Union made a "purchase money loan" to Plaintiff as that term is defined in RISA. Plaintiff further asserts that the claims which may be directly asserted against First Union based on the acts and omissions of City Wide include, but are not necessarily limited to, those claims and defenses set forth in R.C. 1317.03.2.
R.C. 1317.03.2 reads, in part, as follows:
 (A) A buyer who is entitled to assert in an action in connection with a consumer transaction any of the following defenses against the seller of goods and services that are obtained pursuant to a purchase money loan installment note or retail installment contract may also assert the defenses against the holder, assignee, or transferee of the purchase money loan installment note or retail installment contract, whether or not any notice of potential claims and defenses is included in the note or contract.
 (C) A buyer who has a defense against a seller arising out of a consumer transaction that he is entitled to assert as a defense against a holder, assignee, or transferee of a purchase money loan installment note or retail installment contract and as a cause of action against that seller, may assert the cause of action to recover from the holder, assignee, or transferee of the purchase money loan installment note or retail installment contract, the amount of any payments made to the holder, assignee, or transferee.
 According to R.C. 1317.01(P), consumer transactions are sales, leases, assignments or other transfers of goods except in those transactions between persons defined by R.C. 5725.01 and their customers. Included within this exception are "financial institutions" which lend money and receive customer deposits. R.C. 5725.01(A). The provisions of R.C. 1317.07 apply only to retail installment contracts executed in connection with a retail installment sale. A "retail installment sale" includes every retail installment contract for the sale of specific goods, every sale of specific goods where the price may be paid in installments, and every "consumer transaction" in which the price may be paid in installments. Financial institutions or banks are not generally involved in consumer transactions within "regulatory purview" of RISA. Vannoy v. Capital Lincoln-Mercury Sales, Inc. (1993), 88 Ohio App.3d 138, 143. A consumer transaction generally involves the transfer of goods or performance of a service. R.C. 1317.01(P). "The difficulty in harmonizing bank lending and the RISA provisions have prompted courts to consider these not as retail installment sales but as "financial transactions with a financial institution." Id.; See Bank One, Dayton, N.A. v. Doughman (1988), 59 Ohio App.3d 60, 63. The Court in Doughman held that a consumer debtor cannot make a claim against a financial institution that loaned money to the consumer for the purchase of an item pursuant to R.C. 1317.03.2(C). When interpreting the language of R.C. 1317.01(P), 5725.01, and 1317.03.2(A) (C), RISA's default provisions which generally apply to "consumer transactions," do not apply between financial institutions and their customers. The Ohio Supreme Court has held that this is true even where the financial institution cooperates with the seller to channel customers to the financial institution or where the financial institution and seller are connected by some form of common control. See Blon v. Bank One, Akron, N.A. (1988), 35 Ohio St.3d 98.
 Consistent with the Ohio Revised Code and the cases cited above, the loan note in this case was not executed in connection with a "consumer transaction," because the definition of "consumer transaction" defined in R.C. 1317.01(P) excludes transactions between financial institutions and their customers. Based on a referral from City Wide, First Union made a direct loan to Plaintiff in order to pay the cost of the construction project. Plaintiff agreed and approved of the terms of the loan and signed the documents. This Court finds that Plaintiff's relationship with First Union is not governed by the provisions set forth in R.C. 1317. Plaintiff's claim against First Union under RISA is hereby DISMISSED for failure to state a claim upon which relief can be granted.
Docket 13.
The court was correct in stating that "financial institutions or banks are not generally involved in consumer transactions within the `regulatory purview' of RISA." However, the statute exempts banks and financial institutions on the ground that their
loans to their customers are not "consumer transactions," and that is correct. But the transaction between the home improvement company in this case and the appellant was a "consumer transaction," and the portion of RISA quoted by the trial court in its foregoing opinion explicitly allows a buyer to assert against the holder of a purchase money loan installment note any defense or claim the buyer would have against, in this case, the home improvement company, since that transaction is a consumer transaction.
All the cases cited by the trial court and the appellee in its brief refer to decisions where the buyer was attacking some term of the note itself as being in violation of RISA. Indeed, this court itself has held that a loan by a bank to its customer does not violate the notice requirements of RISA since that loan, by itself, is not a consumer transaction. Star Bank, N.A. v.Unruh (June 12, 1992), Montgomery App. No. 13143, unreported. None of these authorities deal with an action by a buyer against the holder of a purchase money loan installment note, which is specifically and explicitly authorized by R.C. 1317.03.2. Jones v.Bank One, Cincinnati (Dec. 24, 1998), Hamilton App. No. C-980097, unreported.
The court in Jones stated that "R.C. 1317.03.2 operates to impose liability upon the holder of a purchase-money loan-installment note such as Bank One where it is demonstrated that the seller in a consumer transaction has breached its expressed or implied warranties to the buyer. Furthermore, R.C. 1317.03.2(C) authorizes a buyer to initiate an action against a holder to recover the payments made to the holder where such a breach of warranty has found to have occurred. Accordingly, Bank One was correctly named as a defendant by the Jones with respect to the alleged breaches of warranty committed by E.-Z. Living, the seller." Id., at 2. In its brief on appeal, the bank attempts to distinguish Jones on the grounds that the issue was a question of indemnity from the manufacturer of the goods used by the seller and states, disingenuously, that the claims against the bank were dismissed. The appellee fails to note that the claims were dismissed voluntarily by the buyer only after the bank in that case settled out of court with the buyer and paid cash to have repairs made to the buyer's residence.
The statute allows the buyer to assert a cause of action to recover from the holder of the purchase money loan installment note "the amount of any payments made to the holder," if all the following certain conditions apply:
 (1) The buyer has presented, or has made a reasonable effort to present, his claim to the seller, and furnished a copy of the claim to the holder, assignee, or transferee.
 (2) The seller has not settled the claim within thirty days after the request if the buyer has presented the claim to the seller.
 (3) The buyer's action against the holder, assignee, or transferee is brought within the earlier of the following dates:
 (a) The date fixed by the note or contract for the last payment due under the note or contract;
 (b) Two years after the date on which the note or contract is executed.
Turner alleges in her brief on appeal that these conditions have been met, but there is nothing in the record to substantiate that assertion. We do not know how much, if anything, Turner has paid to the bank.
The assignment of error is sustained, and this case is remanded back to the trial court for purposes of determining if all of the conditions were met by Turner and, in addition, how much Turner has paid to the bank and, therefore, may be entitled to recover.
GRADY, P.J. and FAIN, J., concur.