OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Local Rule 12. pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The plaintiff-appellant, State of Ohio, appeals the decision of the Logan County Court of Common Pleas finding that the defendant-appellee, Michael L. Scott ("the appellee"), is not a sexual predator within the meaning of R.C. Chapter 2950.
The facts and procedural history of the case are as follows. On October 11, 1990, the appellee was indicted by the Logan County Court Grand Jury on two counts of rape, in violation of R.C. 2907.02(A)(1)(b), one count of sexual battery, in violation of R.C. 2907.03(A)(1), and one count of felonious sexual penetration, in violation of former R.C. 2907.12(A)(2). The appellee's indictment was the direct result of sexual acts allegedly committed against two young girls.
On October 22, 1990, pursuant to a negotiated plea agreement, the appellee pleaded guilty to two counts of attempted felonious sexual penetration, in violation of R.C. 2923.02 and 2907.12. In exchange for the appellee's guilty pleas, the remaining counts were dismissed by the State of Ohio. The trial court accepted the appellee's pleas and sentenced him to two indefinite terms of imprisonment of seven to fifteen years.[1] The trial court ordered the terms of imprisonment to run concurrently. The judgment entry of sentence was journalized on February 25, 1991.
While serving his term in prison, the Ohio Department of Rehabilitation and Correction recommended that the appellee be classified as a sexual predator. A sexual predator hearing was held on August 9, 2000, in the Logan County Court of Common Pleas. At the conclusion of the State's case, the trial court granted a directed verdict in favor of the appellee. Specifically, the trial court found that the State of Ohio had failed to prove, by clear and convincing evidence, that the appellee was likely to engage in the future in one or more sexually oriented offenses. Therefore, by judgment entry of August 11, 2000, the trial court classified the appellee not as a sexual predator but as a sexually oriented offender.[2]
The State of Ohio now appeals, setting forth the following sole assignment of error for our review.
 Assignment Of Error
The trial court erred in failing to find the defendant was a sexual predator and finding the defendant to be a sexually oriented offender.
In its sole assignment of error, the State of Ohio asserts that the trial court erred in finding that, based upon the evidence introduced at the sexual predator hearing, the appellee is not likely to engage in the future in one or more sexually oriented offenses. The State now requests this Court to reverse the judgment of the trial court and to enter a finding that the appellee is a sexual predator within the meaning of R.C. Chapter 2950.
Initially, we note that the trial court used the incorrect nomenclature in effectuating the dismissal of the State's claim. The law is clear that a motion for judgment at the conclusion of a plaintiff's case which is tried to the bench, as opposed to a jury, is not a motion for directed verdict under Civ.R. 50[3], but rather a motion for dismissal under Civ.R. 41(B)(2). Bank One, Dayton v. Doughman (1988), 59 Ohio App.3d 60. This distinction is important because two different tests are applied. For example, under Civ.R. 50(A), the trial judge must avoid usurping the role of the jury.[4] Under Civ.R. 41(B)(2), the trial court, as the trier of fact, is entitled to weigh the plaintiff's evidence and the court's decision will not be set aside unless it is erroneous as a matter of law or against the manifest weight of the evidence. In Re Gerald B.Hughes, II (June 23, 2000), Hamilton App. No. C-990346, unreported.
R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when deciding an offender's status as a sexual predator. These factors are as follows:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
 State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469. In reviewing a trial court's decision purportedly founded upon this degree of proof, an appellate court must examine the record to determine whether the evidence satisfies the clear and convincing standard. Id.
We must now determine whether the trial court's decision was erroneous as a matter of law or against the manifest weight of the evidence. At the sexual predator determination hearing, the State of Ohio presented the following evidence that the appellee is likely to engage in the future in one or more sexually oriented offenses.
On two separate occasions in June of 1989 the appellee had sexual intercourse with a twelve-year old girl while giving her karate lessons in the basement of his business. According to the record, on both occasions the appellee approached the victim while she was sitting on the floor, undressed her, and had sexual intercourse with her against her will. On a separate occasion, the appellee allegedly rubbed the victim between her legs.
In December of 1989, the appellee also allegedly sexually abused a fourteen year-old girl at her home in Bellefontaine, Ohio. The record establishes that the appellee took the victim into her bedroom, placed her on the bed, and began to fondle her genitals and kiss her against her will. According to the victim, at the time of the attack she was in a state of shock and was afraid. The victim attempted to fend off her attacker by striking him and pulling at his hair, but was ultimately unsuccessful. The appellee also allegedly covered the girl's mouth so that her younger brother could not hear her screams.
We also note that the pre-sentence investigation report reveals that, although he was never formally charged with an offense, the appellee admitted to "touching" his niece when she was between ages of eleven and sixteen. According to the appellee's niece, on more than one occasion the appellee fondled her, both vaginally and anally, at a young age. She also alleged that the appellee had sexual intercourse with her when she was eleven years old.[5]
In reaching its conclusion that the State of Ohio had failed to meet its burden of proof, the trial court relied heavily upon the testimony of Kim Stookey, a clinical psychiatrist with the Forensic Psychiatry Center for Western Ohio. In her testimony, as well as her written report filed on August 12, 1999, Dr. Stookey classified the appellee as an "extra familial child molester". According to Dr. Stookey, extra familial molesters have a recidivism rate of approximately twenty-percent.
Despite the relatively low recidivism rate, Dr. Stookey concluded that the appellee's prognosis for success was nonetheless "guarded" because he is a chronic offender and has continued to minimize and deny certain aspects of his past wrongdoing. The record also clearly establishes that the appellee has failed to participate in any sexual offender treatment programs during his term of incarceration. Dr. Stookey also noted that the appellee likely suffers from a personality disorder and has suffered from a substance abuse problem in the past.
Although the appellee has no prior criminal history, no mental illness or disability, and the record does not reflect that he used drugs or alcohol to impair his victims, we cannot say, in light of the total evidence presented in the state's case-in-chief, that the State of Ohio failed to meet its burden. Therefore, we find that the trial court court's decision to dismiss this case at the close of the state's case-in-chief was against the manifest weight of the evidence.
Having found error prejudicial to the State of Ohio herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 SHAW, J., concurs, WALTERS, P.J., dissents.
[1] The offenses for which the appellee was convicted qualify as "sexually oriented offenses" under R.C. 2950.01(D)(5) and (D)(7).
[2] This Court has previously held that classification as a sexually oriented offender does not require a factual finding by the trial judge, but instead occurs automatically upon a conviction of a sexually oriented offense. State v. Moyers (Mar. 27, 2000) Seneca App. No. 13-99-54, unreported. In the case herein, the appellee pleaded guilty to two sexually oriented offenses. See R.C. 2950.01(D)(5) and (D)(7). Therefore, by operation of law, he was considered a "sexually oriented offender" within the meaning of R.C. Chapter 2950.
[3] We note that a sexual predator hearing is a civil matter pursuant to the Supreme Court of Ohio's decision in State v. Cook (1998),83 Ohio St.3d 404.
[4] The test for a motion for a directed verdict under Civ.R. 50 is whether after construing the evidence most strongly in favor of the party against whom the motion is made, the court finds that upon any determinative issue, reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. In such event, the court is not the trier of the facts and does not weigh the evidence in ruling on the motion. See Civ.R. 50(A)(4), Ruta v.Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66.
[5] The pre-sentence investigation report also states that the appellee was suspected of having sexually abused several other female children in the past.