OPINION.
{¶ 1} Defendant-Appellant, Scott Yenser, appeals a decision by the Mercer County Common Pleas Court, Juvenile Division, dismissing his motion to modify a shared parenting plan with Plaintiff-Appellee, Amanda Leonard. Because Yenser has failed to present evidence showing that a sufficient change in circumstances has occurred, we affirm the decision of the trial court.
 {¶ 2} In 1996, Yenser acknowledged his paternity of Darien Yenser. Thereafter, in 1999, a shared parenting plan was adopted by the trial court, which provided essentially equal time between Yenser and Leonard, the child's mother. On November 15, 2001, Yenser moved to modify the shared parenting plan, requesting that he be made sole residential parent. Yenser claimed that a change in circumstances had occurred since the adoption of the prior custody order and that a modification would serve the best interests of the child.
 {¶ 3} Prior to hearing, Leonard moved to dismiss Yenser's motion, claiming that a change in custody would not be in the best interests of the child. The hearing on the motion to modify was held before the magistrate on January 30, 2002. At the close of defendant's evidence, Leonard again moved to dismiss, which was granted. The magistrate found that Yenser failed to present evidence demonstrating that a change in circumstances of the child had occurred or that a change would be in the child's best interest. After considering Yenser's objections and a stipulated statement of the evidence before the magistrate, the trial court adopted the magistrate's decision and dismissed Yenser's motion.
 {¶ 4} From this decision, Yenser appeals, asserting three assignments of error for our review. For purposes of brevity and clarity, we will combine our discussion of the assigned errors.
 Assignment of Error I The trial court erred as a matter of law and its decision was againstthe manifest weight of the evidence in granting the Plaintiff-Appellee'sMotion to Dismiss following the Defendant-Appellee's case in chief.
 Assignment of Error II The trial court abused its discretion and its decision was against themanifest weight of the evidence when it found that there was not a changeof circumstances that would warrant a modification of custody.
 Assignment of Error III The trial court abused its discretion and its decision was against themanifest weight of the evidence in not finding that it was in the bestinterest or [sic] the minor child that the Appellant, Scott Yenser, isnamed the residential parent and legal custodian.
 {¶ 5} In his three assignments of error, Yenser argues that the trial court's decision to dismiss his motion for modification of custody was an abuse of discretion and against the manifest weight of the evidence. He claims the evidence shows that a change in circumstances has occurred and that modification would be in the child's best interest.
 {¶ 6} Civ.R. 41(B)(2), in pertinent part:
After the plaintiff, in an action tried by the court without a jury,has completed the presentation of the plaintiff's evidence, thedefendant, without waiving the right to offer evidence in the event themotion is not granted, may move for a dismissal on the ground that uponthe facts and the law the plaintiff has shown no right to relief. Thecourt as trier of the facts may then determine them and render judgmentagainst the plaintiff * * *.
 {¶ 7} Additionally, in considering a Civ.R. 41(B)(2) motion, a trial court is not required to construe the evidence in favor of the nonmoving party.[1] A dismissal, pursuant to Civ.R. 41(B)(2), will only be set aside if it is "erroneous as a matter of law or against the manifest weight of the evidence."[2] Judgments supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.[3]
 {¶ 8} R.C. 3109.04(E) provides that a trial court must not modify a prior custody determination unless it finds that following: 1) there has been a change in circumstances of the child; 2) a modification would be in the best interest of the child; and 3) the harm that would result from the change in outweighed by the benefits that will result from the change.[4] The determination of whether a change in circumstances has occurred is a threshold finding that must be determined prior to weighing the other factors.[5] In making this determination, the court must rely on facts that have either arisen since the prior decree or that were unknown to the court at the time of the prior decree in order to find a change in circumstances.[6] This is to "spare children from a constant tug of war between their parents" who would file motions to change custody each time one parent thought he or she could provide the child a better home.[7] Furthermore, this court has noted that a change must be substantial, not slight or inconsequential,[8] and the burden of establishing a change in circumstances is on the proponent of the change.[9]
 {¶ 9} In his objections to the magistrate's decision, Yenser argued that a change in circumstances had occurred since the prior custody determination because of Leonard's use of marijuana while caring for the parties' child, her multiple criminal convictions, and the child's failure to attend school. While Yenser submits additional reasons on appeal to support his claim that a change has occurred, we are limited to the scope of his objections to the magistrate's decision, as Civ.R. 53(E)(3)(b) prohibits a party from "assign[ing] as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."[10]
 {¶ 10} Furthermore, while Yenser submitted a transcript of the hearing before the magistrate to this court, no transcript was provided to the trial court; instead, the parties opted to stipulate to a statement of evidence. Because this court reviews trial court decisions with the record available to that court, we cannot consider the transcript.[11]
 {¶ 11} The stipulated statement of evidence does not demonstrate that a substantial change in circumstances has occurred. We note that in determining whether a change in circumstances has occurred,
the evidence must show an impact on the health or upon the developmentof the child; not simply a possible impact but an impact that`significantly endangers' such health or development, and the impact mustexist in the child's `present' environment.[12]
With regard to Leonard's marijuana use, while we do not condone it, the record neither shows that her drug use is something that has arisen since the trial court's previous custody determination nor that it has had any detrimental impact on the child. Additionally, her multiple misdemeanor convictions, while occurring since the previous decree, have not been shown to have any affect on the child. And, while the child did have seven absences from school between September 4, 2001 and January 4, 2002, five were considered excused absences and no evidence was submitted to show that the absences were harmful to the child.
 {¶ 12} Based upon the foregoing, a change in circumstances warranting a modification of custody has not occurred herein. As such, Yenser's claims that a modification would be in the child's best interest are moot. Accordingly, we overrule his first, second, third assignments of error.
 {¶ 13} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.
[1] In the Matter of Coyne (Apr. 29, 1999), Cuyahoga App. Nos. 73798, 73799, citing Levine v. Beckman (1988), 48 Ohio App.3d 24.
[2] Bank One v. Doughman (1988), 59 Ohio App.3d 60, 62-63.
[3] Warnecke v. Warnecke, Putnam App. No 12-01-05, 2002-Ohio-1420, citing Hoitt v. Siefer (1995), 105 Ohio App.3d 104, 107.
[4] R.C. 3109.04(E)(1)(a); Clark v. Smith (1998), 130 Ohio App.3d 648,653; Thatcher v. Thatcher (Oct. 6, 1997), Mercer App. No. 10-97-08, citing In re Kennedy (1994), 94 Ohio App.3d 414, 416-17.
[5] Warnecke, supra, citing Clark, 130 Ohio App.3d at 653.
[6] R.C. 3109.04(E)(1)(a).
[7] Clark, 130 Ohio App.3d at 653-54, quoting Wyss v. Wyss (1982),3 Ohio App.3d 412, 416. See, also, Davis v. Flickinger (1997),77 Ohio St.3d 415, 418.
[8] Warnecke, supra, citing Musson v. Musson (June 10, 1998), Hardin App. No. 6-98-01. See, also, Davis, 77 Ohio St.3d at 416-17.
[9] Beck v. Beck (May 24, 1985), Crawford App. No. 3-84-13.
[10] See, also, State ex rel. Booher v. Honda of Am. Mfg.,88 Ohio St.3d 52, 53-54, 2000-Ohio-269.
[11] Witriol v. Witriol (Jun. 11, 1987), Cuyahoga App. No. 52317, citing Campolietti v. Campolietti (Feb. 26, 1987), Cuyahoga App. No. 51999.
[12] Beck v. Beck, supra, quoting Siebeneck v. Siebeneck (Jan. 5, 1979), Defiance App. No. 4-78-6.